IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SEAN ROWLAND,

    Plaintiff,

v.                                                     Civ. No. 20-646 GBW/SMV

THE BOARD OF COUNTY
COMMISSIONERS FOR
THE COUNTY OF CURRY,

    Defendant.

## ORDER GRANTING PARTIAL MOTION TO DISMISS

THIS MATTER comes before the Court on Defendant's Partial Motion to Dismiss. *Doc. 8*. Having reviewed the Motion and the attendant briefing (*docs. 14, 15*), and being otherwise fully advised regarding relevant case law, the Court GRANTS the Motion.

**I.**     **BACKGROUND**

Plaintiff filed the present suit in state court on May 29, 2020, bringing claims pursuant to the New Mexico Tort Claims Act ("NMTCA"), NMSA 1978 § 41-4-1 *et seq. See generally doc. 1-2*. The facts alleged by Plaintiff are as follows: On or about February 1, 2018, an arrestee in custody of the Curry County Adult Detention Center held Plaintiff hostage with a handgun that officers of the Curry County Sheriff's Office had failed to locate during a search incident to arrest. *Id.* at ¶¶ 5–11. On or about April 30, 2018, Plaintiff filed a Notice of Tort Claim and Inspection of Public Records Act

1

("IPRA") request regarding the hostage situation. *Id.* at ¶ 12. On or about June 12, 2018, Plaintiff was detained by the Curry County Sheriff's Office and had his vehicle searched on suspicion of bringing contraband into the Curry County Adult Detention Center, based on allegations by its administrator, Mark Gallegos. *Id.* at ¶¶ 13–16. On or about September 7, 2018, Plaintiff filed another Notice of Tort Claim and IPRA request regarding the detention and search of his vehicle. *Id.* at ¶ 17.

Based on these allegations, Plaintiff brings six separate claims. In Count I, Plaintiff alleges negligence based on the officers' failure to find and seize the handgun. *Id.* at ¶¶ 21–26. In Count II, Plaintiff alleges negligence per se based on Defendant's hiring, training, and oversight of law enforcement personnel. *Id.* at ¶¶ 27–29. Count III is captioned "Failure to follow policies and procedures" and asserts that Defendant "knew or should have known that the officers involved were not competent and had not received appropriate training to protect the public at large and violated their own policies and procedures through the lack of training, oversight, and officer performance documentation." *Id.* at ¶ 31. In Count IV, Plaintiff asserts that Defendant retaliated against him for filing the Notice of Tort Claim/IPRA Request by taking various actions to harass and financially deprive Plaintiff. *Id.* at ¶ 33. In Count V, Plaintiff alleges that Defendant's effected an illegal search of his vehicle and personal effects. *Id.* at ¶ 35. Finally, in Count VI, Plaintiff alleges slander based on the allegations of Mr. Gallegos. *Id.* at ¶ 37.

Defendant removed this case to federal court on July 2, 2020, based on Plaintiff's assertion of violations of the U.S. Constitution. *Doc. 1.* On July 23, 2020, Defendant filed the present Motion, seeking dismissal of Counts I through IV of Plaintiff's Complaint. *Doc. 8.* Plaintiff filed a response on August 3, 2020, and Defendant filed a reply on August 17, 2020. *Docs. 14, 15.*

## II.     STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). However, the court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not impose a probability requirement." *Twombly*, 550 U.S. at 556. Rather, "a well-pleaded complaint may proceed even if it appears 'that

3

a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint must only be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct"; otherwise, the plaintiff has not shown entitlement to relief. *Id*. at 679.

### III.  ANALYSIS

Defendant argues that Counts I, II , and III of Plaintiff's Complaint must be dismissed because (1) the claims are barred by the statute of limitations set forth in NMSA 1978 § 41-4-15(A); (2) the NMTCA does not waive governmental immunity for claims of negligence; and (3) Plaintiff's exclusive remedy is the Workers' Compensation Act, NMSA 1978 § 52-1-9. *Doc. 8* at 2–4. Additionally, Defendant asserts that Count IV of Plaintiff's Complaint must be dismissed because the NMTCA does not provide a waiver for claims of harassment and retaliation. *Id.* at 4–5. Plaintiff responds that (1) his claims relate to ongoing actions taken by Defendant against Plaintiff as late as June 12, 2018, within the two-year statute of limitations; and (2) discovery is required to develop more specific factual allegations. *Doc. 14* at 1–2.

As his second argument indicates, Plaintiff misconstrues the present Motion as one for summary judgment under Rule 56 rather than dismissal pursuant to Rule 12(b)(6). *See id.* at 2–3. Unlike a motion for summary judgment, a motion to dismiss under Rule 12(b)(6) is decided based on the allegations in the complaint and not on any evidence outside the pleadings. *See, e.g., Warad West, LLC v. Sorin CRM USA Inc.*, No. 14-cv-3242-WJM-KLM, 2016 WL 1089825, at *4 (D. Colo. Mar. 21, 2016) ("Rule 12(b)(6) motions should normally be decided by reference to the complaint alone, whereas summary judgment may be decided on a much broader range of evidence."). If the Court were to consider any evidence outside the pleadings, it would be required to treat this motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). But neither party supplies any such evidence. Under Rule 12(b)(6), the Court must assume the truth of Plaintiff's factual allegations. *Leverington*, 643 F.3d at 723. The dispositive question is whether those factual allegations (taken as true) state a valid claim for relief. The Court rejects Plaintiff's contention that discovery is needed to address Defendant's arguments.

### A. Statute of Limitations

Under the NMTCA, "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced *within two years* after the date of occurrence resulting in loss, injury or death." NMSA 1978 § 41-4-15(A) (emphasis added). "Once a plaintiff has discovered his or her injury and the cause of that injury, the statute of limitations begins to run." *Maestas v. Zager*, 152 P.3d

141, 148 (N.M. 2007). "It is not required that all the damages resulting from the negligent act be known before the statute of limitations begins to run. Once plaintiff suffers loss or injury, the statute begins to run." *Bolden v. Village of Corrales*, 809 P.2d 635, 636 (N.M. Ct. App. 1990). Where a claim is based on several injuries, the statute of limitations begins to run for each injury at the time that it occurred. *Townsend v. New Mexico ex rel. N.M. Highway Dept.*, 871 P.2d 958, 962 (N.M. 1994).

Plaintiff's first claim (for negligence) relates specifically and exclusively to the hostage situation occurring on or about February 1, 2018. *Doc. 1-2* at ¶¶ 21–26. Plaintiff alleges that he sustained an assault and battery to his person, which he attributes to negligence by Defendant. The statute of limitations began to run when Plaintiff suffered this injury on February 1, 2018 and expired before he initiated this action on May 29, 2020. Therefore, Count I of Plaintiff's Complaint is DISMISSED pursuant to the statute of limitations.[1]

Unlike Count I, Counts II and III are not explicitly isolated to the events of February 1, 2018. These claims make general assertions regarding officers' "performance" and Defendant's allegedly inadequate oversight and training. *Doc. 1-2* at

---

[1] While dismissal due to the statute of limitations is typically with prejudice in the Tenth Circuit, *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010), New Mexico precedent is silent on this question. *See, e.g., LSF9 Master Participation Trust v. Sanchez*, 450 P.3d 413, 415, 418 (N.M. Ct. App. 2018) (declining to address whether dismissal without leave to amend was abuse of discretion). As the parties have not briefed this distinction, the Court will decline to deny leave to amend at this time. *See Gee*, 627 F.3d at 1195; *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

¶¶ 27–31.  It is unclear if Plaintiff intended these claims to encompass later acts—specifically the alleged slander and the allegedly illegal search of his vehicle and person on or about June 12, 2018.  Because Plaintiff's complaint was filed prior to June 12, 2020, the statute of limitations would not foreclose recovery for injuries suffered as a result of that conduct.  Thus, while the statute of limitations would bar Counts II and III to the extent they relate to hiring, supervision and training which allegedly led to the assault and battery on February 1, 2018, it would not bar such claims relating to the alleged torts which occurred on or after May 29, 2018.

### B.  Governmental Immunity

Plaintiff alleges that Defendant's immunity is waived by § 41-4-12 of the NMTCA.  *Doc. 1-2* at 4.  Under § 41-4-12, immunity is waived for claims of

> personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights, failure to comply with duties established pursuant to statute or law or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

NMSA 1978 § 41-4-12 (amended 2020).  Negligence standing alone is not among the torts for which immunity is waived.  *Calliouette v. Hercules, Inc.*, 827 P.2d 1306, 1311 (N.M. Ct. App. 1992).  Negligence that causes an enumerated tort, however, may waive immunity in specific circumstances.  The phrase "caused by law enforcement officers" contemplates proximate cause.  *Schear v. Bd. of Cty. Comm'rs of Bernalillo Cty.*, 687 P.2d

7

728, 730 (N.M. 1984). As such, it encompasses third-party acts enumerated in § 41-4-12 that "were caused by the *negligence* of law enforcement officers while acting within the scope of their duties." *Cross v. City of Clovis*, 755 P.2d 589, 590–91 (N.M. 1988) (citation omitted); *see also Dickson v. City of Clovis*, 242 P.3d 398, 403–04 (N.M. Ct. App. 2010). In order to establish waiver based on negligence, the plaintiff must identify a specific duty that officers were required to perform, the failure of which caused an enumerated tort by a third party. *Bober v. N.M. State Fair*, 808 P.2d 614, 624 (N.M. 1991) (finding no waiver of immunity in the absence of allegations establishing officers' duty to prevent the tort committed by a third party).

Count II of Plaintiff's Complaint alleges negligence per se. Although negligence alone is insufficient to waive immunity, negligence in the performance of one's duties that results in an assault and battery (as Plaintiff alleges) is waived under § 41-4-12. However, as previously stated, the statute of limitations has expired on Plaintiff's claims for injuries resulting from the hostage situation. Plaintiff cannot proceed with Count II on the basis of assault and battery. The other tortious and/or unconstitutional acts that Plaintiff alleges (e.g., slander, illegal search) were committed directly by Defendant and its employees acting within the scope of employment. The exception for negligence that causes an enumerated tort has only been applied in cases where the enumerated tort was caused by a third party. *Schear*, 687 P.2d at 730; *Methola v. Eddy Cty.*, 622 P.2d 234 (N.M. 1980). It does not appear that New Mexico's courts intend this exception to apply

8

to cases where the enumerated tort was committed by the defendant directly. *See Dickson*, 242 P.3d at 403–04 ("[A]llegations of negligence based on one of the torts specified in Section 41–4–12 are appropriate only when a law enforcement officer's negligence allegedly caused a third party to commit one of the enumerated intentional acts.") (citation omitted).

Secondly, Plaintiff fails to identify any specific duty in which Defendant was negligent. *See Bober*, 808 P.2d at 624. The failure to allege a specific duty is especially conspicuous given that Plaintiff is asserting negligence per se. Negligence per se is a method of proving negligence by reference to "a statute which prescribes certain actions or defines a standard of conduct, either explicitly or implicitly." *Heath v. La Mariana Apartments*, 180 P.3d 664, 666 (N.M. 2008) (quoting *Archibeque v. Homrich*, 543 P.2d 820, 825 (N.M. 1975)). Only a statute or regulation that "defines the duty with specificity" will support an assertion of negligence per se. *Id*. (citation omitted). Unfortunately, Plaintiff simply "posits . . . that the Defendant(s) have rules to apply and responsibilities connected to in [sic] hiring and training law enforcement personnel." *Doc. 1-2* at ¶ 28. Without citing to a particular statute or regulation, let alone one which defines a breached duty with specificity, this conclusory assertion is insufficient to "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

For both these reasons, to the extent Count II relates to the alleged torts which occurred on or after May 29, 2018, it must be DISMISSED without prejudice.

Count III of Plaintiff's Complaint is listed as "Failure to follow policies and procedures." The precise contours of this claim are not clear. The allegations presented under this heading are nearly identical to those presented for the claim of negligence per se and phrasing such as "knew or should have known" sounds in negligence. *See Spencer v. Gamboa*, 699 P.2d 623, 624 (N.M. Ct. App. 1985). The Court thus construes Count III as a claim for negligent training and supervision, which is analyzed similar to a claim for simple negligence. *See McDermitt v. Corrections Corp. of Am.*, 814 P.2d 115, 116 (N.M. Ct. App. 1991). It is subject to dismissal for the same reasons as Count II. To the extent Count III relates to the alleged torts which occurred on or after May 29, 2018, it is DISMISSED without prejudice.

Finally, in Count IV, Plaintiff brings a claim for harassment and retaliation. Harassment and retaliation are not among the enumerated torts in § 41-4-12, and Plaintiff does not identify any source of law other than the NMTCA that might permit a claim of harassment or retaliation to go forward against Defendant. *See, e.g., Luboyeski v. Hill*, 872 P.2d 353, 356–57 (N.M. 1994). Because Plaintiff has failed to establish a waiver of immunity for Count IV, it is DISMISSED without prejudice.

### IV.  CONCLUSION

Defendant's Partial Motion to Dismiss (*doc. 8*) is GRANTED. Count I of Plaintiff's Complaint is barred by the statute of limitations. Similarly, to the extent Counts II and III relate to hiring, supervision and training which allegedly led to the

assault and battery on February 1, 2018, they are barred by the statute of limitations. These claims are DISMISSED.

Count IV and any remaining claims in Counts II and III fail to state a claim upon which relief can be granted in light of Defendant's immunity under the NMTCA. Those claims are hereby DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**