IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEAN ROWLAND,

    Plaintiff,

v.                                                                           No. 20-cv-0646 GBW/SMV

THE BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF CURRY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DISMISS FOR LACK OF PROSECUTION

THIS MATTER is before the Court sua sponte. The Court recommends dismissing this action without prejudice for failure to prosecute. Plaintiff's counsel withdrew on February 19, 2021, because Plaintiff did not communicate with counsel for several months. [Docs. 38, 39]. While proceeding pro se, Plaintiff has taken no action in this case since March 31, 2021. *See* [Docs. 42, 45]. Plaintiff failed to appear for his scheduled deposition, [Docs. 44, 45], failed to respond to Defendant's Motion to Compel [Doc. 45], and failed to appear for a telephonic status conference before the Court, [Doc. 46]. Thus, it appears that Plaintiff has abandoned the case. It should be dismissed.

## Background

Through counsel, Plaintiff filed his claims in state court in May 2020. *See* [Doc. 1-2] at 1. Plaintiff's case was removed to federal court on July 2, 2020. [Doc. 1]. Plaintiff's counsel appeared on his behalf at four telephonic conferences before the Court between August 26, 2020, and November 23, 2020. *See* [Docs. 18, 26, 30, 32]. On February 3, 2021, Plaintiff's counsel filed a

Motion to Withdraw as counsel because Plaintiff no longer communicated with him about the case. [Doc. 38]. The Court granted the Motion on February 19, 2021. [Doc. 39]. Shortly thereafter, the Court held a telephonic status conference, at which Plaintiff appeared pro se, as scheduled on March 31, 2021. [Docs. 41, 42]. At the conference, the Court was informed that Plaintiff had not yet been deposed. [Doc. 42]. The Court informed Plaintiff that he needed to appear for a deposition prior to the termination of discovery on April 19, 2021. *Id.* On the record, Plaintiff indicated that he understood and confirmed his phone number. *Id.*

Immediately after the telephonic conference on March 31, 2021, Defense counsel contacted Plaintiff, and the two agreed on a date, time, and location for Plaintiff's deposition. *See* [Doc. 44]; [Doc. 45] at 2, ¶ 6. This is the most recent action Plaintiff has taken in this case. Defense counsel and a court reporter appeared as scheduled for Plaintiff's deposition on April 12, 2021, at 9:00 a.m. at the Curry County Commissioners Conference Room; yet, Plaintiff never appeared. [Doc. 45-2]. When Plaintiff failed to appear for his deposition, Defense counsel attempted to contact Plaintiff by phone, by text, and by email. [Doc. 45] at 3, ¶¶ 10–14; [Doc. 45-2] at 3. Plaintiff never answered or returned any messages. [Doc. 45] at 3, ¶ 14. Defendant filed its Motion to Compel or for Sanctions [Doc. 45] on April 13, 2021. The Court held another telephonic status conference on April 28, 2021. [Docs. 43, 46]. The notice of electronic filing for the Order Setting Telephonic Status Conference confirms that it was served on Plaintiff at his postal address on record. On April 28, 2021, Plaintiff failed to appear for the hearing. [Doc. 46]. Finally, Plaintiff filed no response to Defendant's Motion to Compel, and the time for doing so has passed. *See* [Doc. 45].

**Standard**

Rule 41(b) authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order."[1] Fed. R. Civ. P. 41(b). Dismissal is a "drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and it is "appropriate only in cases of willful misconduct," *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Before dismissing a case under Rule 41, therefore, a court should consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (citations, internal quotation marks, and ellipsis omitted) (considering dismissal under Rule 37); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143–44 (10th Cir. 2004) (applying the *Ehrenhaus* factors to dismissal under Rule 41(b)). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)). *See also Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962) (stating that courts have inherent power to dismiss cases for lack of prosecution); D.N.M.LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward.").

---

[1] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts . . . to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (citation omitted).

## Analysis

Plaintiff has abandoned the case. Through counsel, Plaintiff initiated his claims in state court in May 2020. *See* [Doc. 1-2] at 1. However, counsel withdrew on February 19, 2021, because Plaintiff had ceased communicating with him. [Docs. 38, 39]. Since proceeding pro se, Plaintiff failed to appear for a deposition, *see* [Docs. 44, 45], despite instructions from the Court that the deposition needed to be concluded before the termination of discovery on April 19, 2021, *see* [Doc. 42]. After failing to appear for the deposition, Plaintiff failed to respond to calls, texts, and emails from Defense counsel and made no efforts to contact him to reschedule or otherwise remedy the situation. *See* [Doc. 45]. Additionally, Plaintiff failed to respond to Defendant's Motion to Compel and failed to appear for a hearing, *see* [Docs. 45, 46].

As a result of Plaintiff's complete absence from the litigation, "the degree of actual prejudice to the defendant" is great; Defendant cannot defend a claim against absent Plaintiff. *See Ehrenhaus*, 965 F.2d at 921. For the same reason, "the amount of interference with the judicial process is significant" because the process cannot proceed without Plaintiff's participation. *See id.* Additionally, based on the record before me, I find that Plaintiff is culpable for his lack of participation. *See id.* Finally, the Court is not convinced that lesser sanctions would be effective, *see id.*, because Plaintiff is not participating in the case. He is not participating in discovery, appearing for hearings, or prosecuting his claims in any way. Although the Court prefers to resolve disputes on their merits, the aggravating factors in this case outweigh such preference. Therefore, pursuant to Fed. R. Civ. P. 41, dismissal without prejudice is warranted. *See id.*

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that this action be **dismissed without prejudice** for failure to prosecute.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**